1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PARKVIEW EDGE PROPERTIES, LLC,          No.  2:15-cv-0853 KJM DAD PS

12                    Plaintiff,

13          v.                               ORDER & FINDINGS AND
                                             RECOMMENDATIONS
14   RICHARD JOHN DICKSON,

15                    Defendant.

16

17          By Notice of Removal filed April 20, 2015, this unlawful detainer action was removed

18   from the Sacramento County Superior Court by defendant Richard Dickson, who is proceeding

19   pro se.  Accordingly, the matter has been referred to the undersigned for all purposes

20   encompassed by Local Rule 302(c)(21).  On April 24, 2015, plaintiff filed a motion to remand

21   (Dkt. No. 4) and a motion to designate defendant as a vexatious litigant (Dkt. No. 6), noticing

22   those motions for hearing before the undersigned on May 29, 2015.[1]

23          It is well established that the statutes governing removal jurisdiction must be "strictly

24   construed against removal."  Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir.

25   1979) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941)).  See also Syngenta

26

27   _____
     [1]  In light of these findings and recommendations, plaintiff's motions will be denied without
28   prejudice to their renewal in the event these findings and recommendations are not adopted by the
     assigned District Judge.

                                              1

1   Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002); Provincial Gov't of Martinduque v. Placer

2   Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "Federal jurisdiction must be rejected if there

3   is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564,

4   566 (9th Cir. 1992).  "'The burden of establishing federal jurisdiction falls on the party invoking

5   removal.'"  Harris v. Provident Life & Accident Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994)

6   (quoting Gould v. Mut. Life Ins. Co., 790 F.2d 769, 771 (9th Cir.1986)).  See also Provincial

7   Gov't of Martinduque, 582 F.3d at 1087.  In addition, "the existence of federal jurisdiction

8   depends solely on the plaintiff's claims for relief and not on anticipated defenses to those claims."

9   ARCO Envtl. Remediation, LLC v. Dep't of Health & Envtl. Quality, 213 F.3d 1108, 1113 (9th

10   Cir. 2000).  Where it appears, as it does here, that the district court lacks subject matter

11   jurisdiction over a removed case, "the case shall be remanded."  28 U.S.C. § 1447(c).

12       In removing this action, defendant asserts that this court has original jurisdiction over the

13   action "because it is a civil action arising under federal law and in which a federal statute is

14   drawn in controversy."  (Notice of Removal (Dkt. No. 1) at 2.)  In this regard, defendant asserts

15   that "[p]laintiff's claim is based upon . . . the 'Protecting Tenants at Foreclosure Act of 2009,' 12

16   U.S.C. § 5201."  (Id.)

17       However, it is evident from a reading of plaintiff's complaint filed in the Sacramento

18   County Superior Court that this is nothing more than a garden-variety unlawful detainer action

19   filed against the former owner of real property located in California and that it is based wholly on

20   California law without reference to any claim under federal law.  (Id. at 11.)  As such, the

21   complaint does not involve any "claim or right arising under the Constitution, treaties or laws of

22   the United States" that would have permitted plaintiff to file this action originally in federal court.

23   See 28 U.S.C. § 1441(b).  It is also evident from defendant's Notice of Removal that any federal

24   claims that could conceivably be presented in this action arise solely from defendant's own

25   affirmative defenses and not from the plaintiff's unlawful detainer complaint.  See ARCO Envtl.

26   Remediation, LLC, 213 F.3d at 1113.  Thus, the defendant has failed to meet his burden of

27   establishing a basis for federal jurisdiction over this action.

28   /////

2

1    Finally, the undersigned notes that this is the second time defendant has improperly

2    removed this action to this federal court.  Defendant first removed this action to this court on

3    January 5, 2015.  See Parkview Edge Properties, LLC v. Richard John Dickson, No. 2:15-cv-

4    0003 JAM AC PS.  That action was summarily remanded to the Sacramento County Superior

5    Court, for the same reasons as noted above, in an order signed February 27, 2015.

6    In light of this history, defendant is cautioned that any future attempts to remove this

7    action to this court will likely result in the imposition of sanctions against him.  See Ryan Family

8    Trust v. Chairez, No. 2:14-cv-0958 JAM KJN PS, 2014 WL 1665004, at *3 (E.D. Cal. Apr. 22,

9    2014) ("Defendant is cautioned that any future improper removals may result in an award of costs

10   and expenses to Plaintiff, and/or the imposition of any other appropriate sanctions"); Wells Fargo

11   Bank, N.A. v. Lombera, No. C12-3496 HRL, 2012 WL 3249497, at *2 (N.D. Cal. Aug. 7, 2012)

12   (recommending the imposition of sanctions where "defendants' litigation history establishes a

13   troubling record of repeated removals of the same unlawful detainer action, in apparent disregard

14   of the court's prior remand orders"); U.S. Bank Nat'l Ass'n v. Mikels, No. C12-00047 CW, 2012

15   WL 506565, at *2 (N.D. Cal. Feb. 15, 2012) (awarding fees against a pro se defendant where the

16   court had already remanded the case once, and then defendant removed the case a second time

17   just before the state court was to hear summary judgment motions); see also 28 U.S.C. § 1447(c)

18   ("[a]n order remanding the case may require payment of just costs and any actual expenses,

19   including attorney fees, incurred as a result of the removal.").

20   Accordingly, IT IS ORDERED that plaintiff's April 24, 2015 motion to remand (Dkt. No.

21   4) and motion to designate defendant a vexatious litigant (Dkt. No. 6) are denied without

22   prejudice to the renewal of those motions if appropriate and they are dropped from the court's

23   May 29, 2015 law and motion calendar.

24   It is also HEREBY RECOMMENDED that this action be summarily remanded to the

25   Sacramento County Superior Court and that this case be closed.

26   These findings and recommendations will be submitted to the United States District Judge

27   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

28   after being served with these findings and recommendations, any party may file written

3

1  objections with the court and serve a copy on all parties.  A document presenting objections

2  should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply

3  to objections shall be filed and served within seven days after service of the objections. The

4  parties are advised that failure to file objections within the specified time may waive the right to

5  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  Dated:  April 28, 2015

7

8  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

9

10  DAD:6
    Ddad1\orders.pro se\parkview0853.ud.f&rs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4